UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

BETTY BECKLES

              Plaintiff,

    against

THE CITY OF NEW YORK,

Does 1'through'10 inclusive,

            Defendant(s)

------------------------------------------------------------------

CASE No.:  08 CV 3687



AMENDED COMPLAINT

PLAINTIFF DEMANDS TRIAL BY JURY

     TAKE NOTICE, the Plaintiff, Betty Beckles, hereby appears in this action by her attorneys, The Law Office of Uwem Umoh Esq., and demands that all papers be served upon him, at the address below, in this matter.

     Plaintiff, Betty Beckles, by her attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York and Police Officers Does 1-10 collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity

Beckles/ Civ./ Summ. and Complaint .

                 **Page 1**

secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Betty Beckles resides in New York City and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about July 3, 2007, at approximately 7:00 PM, , while in her home plaintiff called the police to help remove her grandson from her home because he refused to leave. However, two police officers employed with the New York City Police Department, without probable cause and/or justification, arrested the plaintiff instead. No reason was given for the arrest.

11. Prior to and after the illegal arrest against, plaintiff explained that he was not the suspect they sought. The officers nevertheless took her to the precinct.

12. Plaintiff was arrested despite informing the officers that they did not commit any crime. She was taken to the precinct and interrogated before being placed in a cell. Thereafter plaintiff was taken to Central Booking where she was placed in a "holding pen" along with numerous others arrested persons.

13. After being duly detained at central booking, plaintiff was taken before a judge.

Beckles/ Civ./ Summ. and Complaint .

14. Following approximately 24 hours in jail, she was released. The case against the plaintiff was ultimately dismissed in her favor.

15. That even though the defendant police officers knew should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge and then drop same charges, assault and incarcerate plaintiffs just to intimidate plaintiff, further aggravating plaintiff's injuries.

16. That at no time during the arrest was plaintiff read his Miranda rights.

17. Upon information and belief, the officers failed to sufficiently investigate the claims of Empire before arresting plaintiff. Plaintiff also alleges that Empire, along with the officers, acting in concert to deprive plaintiff of his constitutional rights by relying on false statements to arrest plaintiff.

18. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass at the alleged property or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

20. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

22. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

23. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New

York.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

27. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

28. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

29. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against all Defendants.

30. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

31. By detaining and imprisoning Betty Beckles, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

32. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

33. The Defendant acted under pretense and color of state law and in their individual and

Beckles/ Civ./ Summ. and Complaint .

official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12 against all Defendants

35. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

36. By detaining and imprisoning Betty Beckles, without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

37. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

39. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the doctrine of respondeat superior.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all Defendants

41. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

42. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants

Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

43. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all Defendants

44. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

45. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

46. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

47. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

48. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

49. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

50. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

51. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendants, as employer, are responsible for their wrongdoing under the doctrine of respondeat superior.

52. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

54. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth

Beckles/ Civ./ Summ. and Complaint .

Page 6

below.

55. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

56. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

57. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against all Defendants.

59. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

60. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

61. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

62. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

63. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

64. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:

Negligence against all Defendants.

65. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

Beckles/ Civ./ Summ. and Complaint .

66. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

67. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

68. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an

Beckles/ Civ./ Summ. and Complaint .

amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:
April 16, 2008

Brooklyn, New York

Respectfully Submitted

By:    NKEREUWEM UMOH Esq. [NU-7233]
255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Tel. No.        : (718) 360-0527
Fax No.        : (718) 360-1916

Beckles/ Civ./ Summ. and Complaint .

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================

BETTY BECKLES

                    Plaintiff,


v.

The City of New York,
AND DOES 1-10 INCLUSIVE

                    Defendants
=================================================
## AMENDED SUMMONS AND COMPLAINT
=================================================


# Nkereuwem Umoh, Esq.
## Attorney for Plaintiff
## 255 Livingston Street-4th Floor
## Brooklyn, NY 11217
## (718) 360-0527
=================================================


**To:**                              **Service of a copy of the within
                                     is hereby admitted.**

                                     **Dated: 11/02/2007**