UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BECKLES,

                Plaintiff,

-against-

THE CITY OF NEW YORK ET AL,

                Defendants.

08 Civ. 3687 (RJH) (JCF)

**MEMORANDUM OPINION AND ORDER**

Defendants have objected pursuant to Federal Rule of Civil Procedure 72(a) to certain nondispositive pretrial orders made on December 28, 2009 and January 19, 2010 by Magistrate Judge James C. Francis IV in this action (collectively, the "Orders"). Plaintiff has cross-moved for sanctions against defendants' counsel pursuant to Rule 11. For the reasons set forth below, defendants' objections **[48]** to the Orders are without merit and are hereby overruled. Plaintiff's cross-motion for sanctions is also denied.

## BACKGROUND

This is an action pursuant to 42 U.S.C. § 1983 for false arrest and excessive force stemming from plaintiff's arrest by New York City Police officers on July 3, 2007. Plaintiff has amended her complaint several times since the action was filed on April 17, 2008. Most recently, plaintiff submitted the Fourth Amended complaint on October 21, 2009, which added as defendants six officers not previously named who had been identified in discovery as having

responded to the 911 call which led to plaintiff's arrest (the "responding officer defendants").[1]  It does not appear that plaintiff obtained leave to file a Fourth Amended Complaint before filing it.

The action is currently in the midst of discovery.  The discovery process has been contentious at times and has been supervised by Magistrate Judge James C. Francis IV since mid-September 2009.  Over the course of the discovery process, plaintiff has sought to obtain information sufficient to enable her to identify which particular officer(s) allegedly used excessive force against her.  As it relevant here, plaintiff is now seeking to obtain, among other things, photos of the responding officer defendants to enable her to identify which officer(s) used excessive force against her.

On December 28, 2009, after the parties had exchanged letters regarding plaintiff's request for photos of the responding officer defendants and a number of other issues, Judge Francis held a conference and issued an Order (the "December 28, 2009 Order") which, *inter alia*, required defendants "[to] produce photos of the seven responding officer defendants for purposes of a photo identification" with "no 'filler' photos [to] be used" and which granted plaintiff's application to file the Fourth Amended Complaint *nunc pro tunc*.[2]  (*See* Docket Entry No. 39.)

On January 15, 2010, defendants filed a motion for reconsideration of the portion of the December 28, 2009 Order which directed defendants to produce photos of the seven responding officer defendants without requiring those photos to be shown to plaintiff in a photo array with 'filler' photos.  Defendants argued that the absence of fillers could lead to an unreliable identification procedure.  On January 19, 2010, Judge Francis denied this motion by endorsing it

---

[1] Although Docket Entry No. 37 refers to the Fourth Amended Complaint as the Third Amended Complaint, it appears to be the fourth amended complaint filed by the plaintiff, and both parties have treated it as such.
[2] The December 28, 2009 Order also provided that "[t]he photos will be shown to plaintiff and her counsel only and will not be disseminated."  (December 28, 2009 Order.)

2

with the statement, "Application denied as untimely" (the "January 19, 2010 Order").  (*See* Docket Entry No. 44.)

On January 29, 2010, defendants filed the present Rule 72(a) objections to the Orders. Defendants object to the portions of Judge Francis' December 28, 2009 Order which (1) directed "defendants [to] produce photos of the seven responding officer defendants for purposes of a photo identification" with "no 'filler' photos [to] be used;" and (2) granted plaintiff's application to file the Fourth Amended Complaint *nunc pro tunc*.  Defendants also object to the January 19, 2009 Order denying defendants' January 15, 2010 motion for reconsideration.  Plaintiff cross-moved for sanctions against defendants' counsel pursuant to Rule 11 on the ground that defendants' Rule 72(a) objections are baseless and were filed simply to delay the litigation and harass plaintiff.

## DISCUSSION

**1.     Standard of Review**

In evaluating an order by a Magistrate Judge with respect to a nondispositive pretrial matter where timely objections are made thereto, the district court shall, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "clearly erroneous" when the Court, "upon review of the entire record, [is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).  "[A] magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F.Supp.2d 672, 678 (S.D.N.Y. 2007) (citation omitted).

**2.     Judge Francis Did Not Err in Denying Defendants' Request for an Extension of Time to File a Motion for Reconsideration of the December 28, 2009 Order**

Defendants object to Judge Francis' January 19, 2010 Order, which denied defendants motion for reconsideration of the December 28, 2009 Order as untimely, and implicitly denied defendants' request for an extension of time to file the motion for reconsideration. Defendants contend that Judge Francis abused his discretion by denying defendants' request for an extension of time because defendants' failure to file the motion by the deadline constituted "excusable neglect" within the meaning of Federal Rule of Civil Procedure 6(b)(1)(B). Defendants also argue that Judge Francis should have considered the merits of the motion even though he determined that it was untimely. The Court disagrees, and holds that Judge Francis' Orders were neither clearly erroneous nor contrary to law.

By way of background, Local Civil Rule 6.3, which governs motions for reconsideration in this district, provides that, "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52, or 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . ." *See* Local Civil Rule 6.3. In computing time, the Local Civil Rules and the Federal Rules of Civil Procedure, as amended effective December 1, 2009, do not exclude Saturdays, Sundays or legal holidays; however, "i[]f the last day of the period is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." *See* Local Civil Rule 6.4. Because the December 28, 2009 Order was entered onto the docket on December 30, 2009, the deadline for filing a motion for reconsideration of the order was January 13, 2010, fourteen days after the date of entry. *See* Fed. R. Civ. P. 6(a)(1), (6); Local Civil Rule 6.2, 6.3, 6.4.

4

Defendants' motion for reconsideration, filed on January 15, 2010, was, by defendants' admission, two days late. (*See* Frank Decl., Ex. F.) Defendants never submitted a request for an extension of the relevant deadline prior to expiry of the deadline. Defendants simply made a request for a two day extension of time in the penultimate paragraph of the untimely motion by stating that "[d]ue to the holiday season and a medical emergency that required the undersigned to take sick leave from January 6, 2010 through January 8, 2010, defendants were unable to move for reconsideration within the fourteen (14) days as required by Local Civil Rule 6.3. Accordingly, defendants respectfully request a brief two (2) day extension of time from January 13, 2010 to January 15, 2010 pursuant to Fed. R. Civ. P. 6(b)(1)(B) to serve the instant motion." (*Id.*) Judge Francis denied the application for an extension and the motion for reconsideration on January 19, 2010 on the ground that it was untimely.

The Court concludes that Judge Francis did not abuse his discretion when he denied defendants' request for an extension of time to serve their motion for reconsideration. Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination whether a party's neglect is "excusable" is, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In making that determination, the Supreme Court has directed courts to consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* The Second Circuit

has held that the third factor—the reason for the delay, and whether it is within the reasonable control of the movant—is the most important, since the other three factors will often favor the movant. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). "The equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule.'" *Id.* at 366-67 (citing *Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 249-50 (2d Cir. 1997)). Thus, "[w]here . . . the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield*, 127 F.3d at 249-50 (holding not clearly erroneous the district court's decision that a lawyer's failure to file motion papers within the time limit established by a local rule was not excusable neglect under Rule 60(b)); *see Silivanch*, 333 F.3d at 367-70 (collecting cases finding no excusable neglect where counsel failed to comply with a clear deadline).

    Here, the Court finds no error in Judge Francis' conclusion that defendants failed to establish that their untimely filing of their motion for reconsideration was a product of "excusable neglect." While the delay and potential prejudice from defendants' submission of the motion two days after the deadline are minimal, and while counsel appears to have acted in good faith, the Court finds that the delay was well within counsel's reasonable control and is not, therefore, excusable. *See Silivanch*, 333 F.3d at 366-70. The applicable rule regarding the timely submission of motions for reconsideration is entirely clear, and counsel's excuses for his failure to adhere to the deadline are unconvincing. Counsel cites "the holiday season" and his illness from January 6 to January 8, 2010 as the reason for his untimely submission. However, the "holiday season" is no excuse for lack of diligence in complying with clearly established deadlines. Moreover, while the medical issue that forced counsel to take sick leave from January 6 to January 8 was surely not within his control, upon his recovery counsel could and should

have made a proper request for an extension of time under Rule 6(b) before the January 13 deadline for filing objections to the December 28, 2009 Order expired (or asked a colleague in his office to do so on his behalf if he was unable to do so).[3] *See Delacruz v. Stern*, 166 F.3d 1200 at *2 (2d Cir. 1998) ("[i]f additional time to replead was needed because of the attorney's marital problems, an application for an extension of time should have been filed."). Further, it would have been feasible for counsel to draft a memorandum of law supporting an objection to Judge Francis' discovery ruling in the days between January 9 and January 13 in any event. Under these circumstances, the Court finds that Judge Francis did not abuse his discretion by finding no excusable neglect on counsel's part and declining to grant a *post hoc* extension of the deadline. *See Turner v. Hudson Transit Lines, Inc.*, No. 89 Civ. 4252 (PKL), 1991 WL 123966, at *3 (S.D.N.Y. July 2, 1991) ("Counsel's excuse for his untimely submission of papers is his own vacation . . . counsel could have readily arranged for another attorney to cover for him during that period, or could have made a proper request for an extension of time under Rule 6(b) before leaving for vacation. Further, it would not seem impossible to draft a memorandum of law supporting an objection to a simple discovery ruling in the six days between Judge Francis's ruling and the planned start of defense counsel's vacation."); *cf. Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580,* 899 F.Supp. 1228, 1231 (S.D.N.Y. 1995) ("[i]llness of counsel has been regarded as valid grounds for excusable neglect where the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file.") (internal quotation marks and citation omitted).

---

[3] There is no indication in the record that counsel's illness persisted beyond January 8 or prevented him from going into work for more than two or three days from January 6 to January 8. (*See, e.g.,* Umoh Decl., Ex. 1 (email from defendants' counsel dated January 11, 2010 stating that "I was out sick for two days last week.").)

Defendants contend that *Saviano v. Town of Westport,* 337 Fed. Appx. 68, 70 (2d Cir. 2009) supports a conclusion that Judge Francis abused his discretion in denying their request for an extension. However, defendants' reliance on *Saviano* is misplaced. In that case, the Second Circuit held that the district court abused its discretion in denying a request for an extension to file a brief in part on the ground that the district court had granted several similar extensions to the opposing side. Defendant maintains that, like in *Saviano*, it was an abuse of discretion for Judge Francis to deny their request for an extension since he had just granted plaintiff a de facto extension of the discovery deadline to obtain photos of the defendant officers even though plaintiff waited until the day before discovery was due to close to make a written request for such photos. Defendants' attempt to equate the facts in *Saviano* with the facts here is unavailing. Although Judge Francis granted plaintiff a de facto extension of the discovery deadline not long before denying defendants' request for an extension of the deadline for filing a motion for reconsideration, plaintiff's request was filed *before* the relevant deadline had expired, whereas defendants' was not. Thus, Judge Francis was not required to find excusable neglect to grant plaintiff's request, but was required to make such a finding in order to grant defendants' request. *See* Fed. R. Civ. P. 6(b)(1). Moreover, it appears from the record that plaintiff made his request for a discovery extension at the last minute at least in part due to defendants' intransigence in producing requested discovery materials. Thus, Judge Francis had a reason to treat plaintiff's request for an extension of the discovery deadline differently than the request at issue here, which was not based on any conduct by plaintiff but on factors within defendants' counsel's reasonable control. Contrary to defendants' suggestion, then, *Saviano* does not suggest that Judge Francis abused his discretion by refusing to condone defendants' disregard for the

applicable deadlines and grant them a *post hoc* extension of the filing deadline for their motion for reconsideration.

In addition, the Court concludes that Judge Francis did not err in denying defendants' motion for reconsideration as untimely without addressing its merits.  Courts in this Circuit routinely deny untimely motions for reconsideration without considering their merits.  *See, e.g.*, *American Hotel Int'l Group, Inc. v. OneBeacon Ins. Co.*, No. 01 Civ. 654 (RCC), 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005) (collecting cases).  While defendants argue that such cases are not dispositive because they dealt with motions for reconsideration of a dispositive order, as opposed to motions for reconsideration of discovery orders, defendants have not pointed to any case that has held that courts must be more lenient in excusing a failure to comply with deadlines in the latter situation.  As noted by the Second Circuit,

> [w]e operate in an environment . . . in which *substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law* . . . We . . . have considerable sympathy for those who, through mistakes-counsel's inadvertence or their own-lose substantial rights in that way.  And there is, indeed, an institutionalized but limited flexibility at the margin with respect to rights lost because they have been slept on.  *But the legal system would groan under the weight of a regimen of uncertainty if which time limitations were not rigorously enforced – where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.*

*Silivanch*, 333 F.3d at 367-68 (emphasis added).  Judge Francis committed no clear error by strictly enforcing the time limit for filing a motion for reconsideration and denying defendants' untimely motion without addressing its merits.

**3.    Judge Francis Did Not Err in Ordering Defendants to Produce Photos of Defendant Police Officers With No Fillers and Without Requiring Counsel's Presence During the Identification**

Although the Court is not required to consider the merits of defendants' motion for reconsideration in light of its finding that Judge Francis did not abuse his discretion in declining

9

to consider the merits of defendants' untimely submission, the Court has reviewed defendants' motion for reconsideration and finds it to be wholly without merit. Defendants argue that Judge Francis erred in ordering defendants to "produce photos of the seven responding officer defendants for purposes of a photo identification" with "no 'filler' photos [to] be used" because this Order could lead to an unreliable and suggestive identification procedure. (Def. Mem. in Supp. of Rule 72(a) Objections at 15.) Defendants ask this Court to order plaintiff to view the photos of the seven responding defendants in a photo array with filler photos in the presence of counsel. (*Id.*) In essence, defendants seek to import the types of identification procedures required in criminal cases into the discovery process in this civil action.

Defendants have not pointed to any controlling authority that Judge Francis overlooked or misapplied in ordering defendants to produce photos of the responding defendants without requiring these types of identification procedures. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") Defendants' January 15, 2010 motion for reconsideration merely reiterated the same arguments made to Judge Francis before Judge Francis issued the December 28, 2009 Order. (*See* Frank Decl., Ex. B (Defendants Dec. 21, 2009 Ltr. to Judge Francis).) Judge Francis properly denied that motion, since motions for reconsideration should "not be granted where the moving party seeks solely to relitigate an issue already decided." *See Shrader*, 70 F.3d at 257.

Moreover, the Court finds no clear error in the underlying order (the December 28, 2009 Order) that defendants seek to have overturned. While defendants cite one case from the Northern District of Illinois in support of their position that Judge Francis should have ordered

10

the inclusion of fillers in the photo array and should have ordered that counsel be present when plaintiff reviewed the photos, *Davis v. City of Chicago*, 219 F.R.D. 593 (N.D. Ill. 2004), *Davis* is not binding in this district and the Court finds it to be inapposite in any event, largely for the reasons stated in *Snoussi v. Bivona*, No. 05 CV 3133(RJD)(LB), 2009 WL 701007, at *3 (Mar. 10, 2009) (distinguishing *Davis* and ordering production of photos of officers alleged to have been involved in assault of plaintiff without requiring protective measures urged by defendant officers).  Indeed, as the Court noted in *Snoussi*, there is no precedent in this Circuit for requiring criminal identification procedures to be used in a civil case where the plaintiff is seeking access to photos of the defendants in order to identify the officer(s) who violated her constitutional rights.  *Id.* at *3-4.  Thus, the Court finds that Judge Francis did not abuse his discretion in declining to order the measures requested by defendants in this civil case.  *See generally id.*

**4.     Defendants' Objection to Judge Francis' Order Granting Plaintiff's Application For Leave to File the Fourth Amended Complaint is Untimely**

Defendants also object to the portion of Judge Francis' December 28, 2009 Order in which he granted plaintiff's application to file the Fourth Amended Complaint *nunc pro tunc*. As noted above, any objections to the December 28, 2009 Order were due by January 13, 2010. However, defendants waited until January 29, 2010 to raise an objection to the portion of the December 28, 2009 Order which granted plaintiff's application to file the Fourth Amended Complaint.  Because that objection was over two weeks late, the Court will not consider it.  *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order that was not *timely* objected to.  The district judge in the case must consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.") (emphasis added); *Caidor v. Onondoga County*, 517 F.3d 601, 605 (a litigant "who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order.")

11

Defendants have not offered any cogent or reasonable explanation for their failure to file timely objections to the portion of the December 28, 2009 Order granting plaintiff's application to file the Fourth Amended Complaint.[4] Defendants certainly have not established that the delay was not reasonably within their control. Consequently, defendants have not established that their non-compliance with Rule 72(a)'s clear deadline was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *Silivanch*, 333 F.3d at 366.

## 5. Sanctions Are Not Warranted Under Rule 11

Although the Court has found defendants' objections to Judge Francis' December 28, 2009 and January 19, 2010 Orders to be without merit and/or untimely, sanctions are not warranted because the Court is not convinced that the objections were brought in bad faith. *See Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 335 (2d Cir. 1999).

## CONCLUSION

For the reasons stated, the Court finds that defendants' objections to Judge Francis' December 28, 2009 and January 19, 2010 Orders to be without merit.

SO ORDERED.

Dated: New York, New York
       May 10, 2010

_____
Richard J. Holwell
United States District Judge

---

[4] Defendants contend that they "felt it necessary to address the issue" of the alleged impropriety of the Fourth Amended Complaint in light of Judge Francis' denial of their motion for reconsideration of his order requiring defendants to produce photos of the officers without a photo array. (Def. Mem. in Supp. of Rule 72(a) Objections at 12.) Frankly speaking, this argument makes no sense. It is not clear how a favorable ruling from Judge Francis on the question of whether photos of defendants should be shown to plaintiff with or without fillers would have done anything to address the alleged problems associated with plaintiff's filing of the Fourth Amended Complaint without first obtaining leave to do so.